UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALLANNA WARREN, | Case No.: 2:23-cv-00988-APG-DJA |
| Plaintiff | **Order** |
| v. | [ECF Nos. 5, 7, 31, 37, 46, 52] |
| HILTON GRAND VACATIONS, | |
| Defendant | |

Plaintiff Allanna Warren filed suit against her employer, defendant Hilton Grand Vacations (HGV), in state court. ECF No. 1-3. She brings claims for discrimination, harassment, and retaliation under the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act; violations of her Fourteenth Amendment equal protection rights; and state law claims for injury to a vulnerable person under Nevada Revised Statutes (NRS) § 41.1395, negligence and gross negligence, intentional infliction of emotional distress, and civil conspiracy. HGV removed the action to this court based on federal question and diversity jurisdiction. ECF No. 1.

The parties have filed numerous motions. HGV moves to dismiss. Warren moves for default judgment. She also filed two motions to expedite. HGV moves to strike two of Warren's filings, and Warren seeks to strike one of HGV's filings.

I deny Warren's motion for default judgment because HGV was not properly served at the time Warren moved for default judgment. I grant HGV's motion to strike two of Warren's filings because they are unauthorized surreplies. I deny Warren's motion to strike because HGV's reply brief was properly filed. I deny Warren's motions to expedite because there is no

basis to expedite this case over many other cases pending before me. I grant HGV's motion to dismiss, with leave to amend some claims.

**I. MOTION FOR DEFAULT JUDGMENT (ECF No. 7)**

Warren moves for default judgment, arguing that HGV was served on May 9, 2023, and did not timely answer. HGV responds that because it was never properly served, it is not in default. HGV contends that no summons was ever issued, so it could not have been properly served. Additionally, it argues that the person the process server attempted to serve with the complaint is not authorized to accept service for HGV.

I deny Warren's motion for default judgment. Warren did not first move for entry of default under Federal Rule of Civil Procedure 55(a) before moving for default judgment as required. More importantly, Warren has not shown that she properly served HGV because no summons was issued in this case. *See* Fed. R. Civ. P. 4(c)(1) (stating that a "summons must be served with a copy of the complaint"). Warren admits that no summons was issued, so she effectively concedes that her prior attempt at service was defective. ECF No. 10 at 2. Because HGV had not been properly served, it was not in default at the time Warren moved for default judgment.

**II. HGV's MOTION TO STRIKE (ECF No. 37)**

I grant HGV's motion to strike ECF Nos. 30 and 33. Both are unauthorized surreplies or supplements. Under Local Rule IC 7-1, I "may strike documents that do not comply with" the Local Rules. Local Rule 7-2(b) provides that surreplies "are not permitted without leave of court." Likewise, a "party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause." LR 7-2(g). I may strike supplemental filings made without leave of court. *Id.*

Warren filed a reply to her motion for default judgment at ECF No. 23. Without requesting or obtaining leave of court, Warren filed another reply at ECF No. 30. Similarly, Warren filed a response to HGV's motion to dismiss at ECF No. 27. After HGV filed a reply, Warren filed an unauthorized reply at ECF No. 33. Because Warren's filings are surreplies or supplements filed without leave of court, I strike them. I caution Warren to familiarize herself with this court's Local Rules and comply with them in the future.

### III. WARREN'S MOTION TO STRIKE (ECF No. 46)

Warren moves to strike HGV's reply brief on its own motion to strike because she contends it just repeats arguments previously made. She characterizes it as a surreply.[1] As the moving party, HGV was allowed to file a reply brief, which it did. ECF No. 44. HGV's reply is not an unauthorized surreply, even if Warren thinks it is merely repetitive of the arguments made in the initial motion. I therefore deny her motion.

### IV. WARREN'S MOTIONS TO EXPEDITE (ECF Nos. 31, 52)

I deny Warren's motions to expedite because I find no basis to accelerate this case ahead of many other cases pending before me. Additionally, I advise Warren not to file repeated motions, such as her second motion to expedite. Filing a second motion on the same issue only clogs the court's docket and wastes time and resources.

### V. HGV'S MOTION TO DISMISS (ECF No. 5)

HGV argues that the complaint should be dismissed with prejudice because the allegations are largely directed at other parties and Warren's allegations that HGV conspired

---

[1] Warren also makes extraneous arguments about HGV's attorney representing another party in a separate case. ECF No. 46 at 2-3. Counsel's representation of another client in a separate case has no bearing on any issue currently before me in this case.

3

with law enforcement are implausible. Alternatively, HGV contends that the complaint fails to state a claim against it for a variety of reasons.[2] Warren opposes dismissal.

### A. Negligence and Gross Negligence

HGV argues these claims are preempted by the Nevada Industrial Insurance Act (NIIA) because that is the exclusive remedy for an employee negligently injured in the course and scope of employment. Alternatively, HGV argues that Warren fails to plausibly allege HGV owed a duty or breached a duty. Warren does not respond to HGV's argument that her negligence claims are preempted by the NIIA. She therefore consents to me granting the motion. LR 7-2(d). Additionally, Warren alleges that HGV injured her during the course and scope of her work at HGV. Consequently, the NIIA is Warren's exclusive remedy for her negligence claims. *Fanders v. Riverside Resort & Casino, Inc.*, 245 P.3d 1159, 1163 (Nev. 2010); NRS § 616A.020(1). I therefore dismiss the negligence claims with prejudice because amendment would be futile. *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend." (quotation omitted)).

### B. Intentional Infliction of Emotional Distress

HGV argues that Warren's claim for intentional infliction of emotional distress (IIED) claim fails because the complaint does not allege that HGV engaged in extreme and outrageous conduct, that HGV intended to cause emotional distress, or that Warren suffered severe emotional distress. Warren does not specifically respond to these arguments, although she generally argues that she has alleged that HGV conspired with law enforcement, an HGV employee would follow her at lunch and on breaks, another HGV employee treated her terribly

---

[2] HGV also argued that Warren did not properly serve it, but after HGV filed the motion to dismiss, it accepted a waiver of service, so this argument is moot. ECF No. 40.

while she was on vacation, HGV failed to pay her bonuses, and HGV made her come into the office to work (as opposed to working remotely) even though she expressed safety concerns.

To state a claim for intentional infliction of emotional distress (IIED), a plaintiff must allege "(1) extreme and outrageous conduct on the part of the defendant; (2) intent to cause emotional distress or reckless disregard for causing emotional distress; (3) that the plaintiff actually suffered extreme or severe emotional distress; and (4) causation." *Miller v. Jones*, 970 P.2d 571, 577 (Nev. 1998). Extreme and outrageous conduct is "that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (simplified). I make the initial determination as to whether a reasonable jury could find conduct to be extreme and outrageous. *See Alam v. Reno Hilton Corp.*, 819 F. Supp. 905, 911 (D. Nev. 1993) (citing Restatement (Second) of Torts § 46 cmts. h, j). The more extreme the outrage, the less evidence of physical injury or illness from the emotional distress is required. *Nelson v. City of Las Vegas*, 665 P.2d 1141, 1145 (Nev. 1983); *see also Kennedy v. Carriage Cemetery Servs., Inc.*, 727 F. Supp. 2d 925, 933 (D. Nev. 2010) (finding that insomnia, nightmares, general nervousness, and "a purely emotionally upsetting situation" are insufficient to support an IIED claim under Nevada law, and explaining that objectively verifiable evidence, like a need for "psychiatric assistance or medication," are necessary to meet the physical manifestation requirement).

The complaint largely discusses conduct by other parties, including the Sparks Police Department and the Las Vegas Metropolitan Police Department (LVMPD). In brief, Warren contends that law enforcement has been stalking and harassing her and her mother for years. ECF No. 1-3 at 2-6. She asserts that after she was hired at HGV, several employees would follow and watch her during her breaks and lunches. *Id.* at 7. She also contends that LVMPD

officers parked next to her while she ate in her car, and she later observed those officers inside HGV's building speaking to "several people." *Id.* According to the complaint, Warren was told she could work from home, so she requested to do so after noticing supervisors and co-workers were stalking, watching, and following her. *Id.* at 7-9. She alleges that she had difficulty securing the equipment to work from home and "had to jump through hoops" to get it, although she was able to get it and subsequently worked from home as requested.[3] *Id.* at 9-10.

Warren alleges in conclusory fashion that HGV did not pay her earned "SPIFFS"[4] or bonuses, HGV asked her to come back into the office despite her safety concerns, and HGV employees passed around a booking photo of Warren and made fun of her. *Id.* at 10. The complaint alleges she filed an EEOC complaint against HGV on August 7, 2023 (even though the complaint was filed before then on May 2, 2023). *Id.* at 2, 10. She does not identify on what basis she alleged discrimination in her EEOC complaint. She alleges that she was thereafter retaliated against with a threat from a co-worker that "snitches get stitches." *Id.* at 10. She contends HGV did not respond to her complaint about this threat. *Id.* at 10-11.

Warren alleges on "information and belief," that someone at HGV would inform law enforcement when and where Warren went on vacation. *Id.* at 11. She contends that in 2022, she went on five vacations in different states, and each time, law enforcement showed up at the hotels where she was staying. *Id.* She alleges this stress led her to leave work on "continuous ADA leave" in November 2022, and she has been out since then. *Id.* She also alleges that she requested paperwork for worker's compensation, but it took a while for HGV to respond. *Id.* at 12.

---

[3] Warren alleges that while working from home, her neighbors and landlord harassed her. *Id.* at 10. There is no plausible allegation HGV had anything to do with this alleged harassment.

[4] It is unclear what this means.

Warren's allegations are conclusory and do not plausibly allege extreme and outrageous conduct or severe emotional distress.  There is nothing extreme and outrageous about talking to law enforcement absent some factual allegations about the content of those communications that would make it extreme and outrageous.  Delays in obtaining equipment to work from home or processing worker's compensation paperwork are not extreme and outrageous.  Her allegations that coworkers stated "snitches get stitches" or teased her about a booking photo also do not rise to the level of extreme and outrageous conduct without further factual allegations about the frequency and severity of these incidents and HGV's response to its employees' alleged misconduct.  Although Warren alleges HGV took no action, she does not plausibly allege how she would know whether HGV disciplined other employees.  Additionally, her allegations of severe emotional distress are conclusory.

I therefore dismiss this claim.  However, I grant Warren leave to amend this claim if facts exist to do so, because it is not clear that amendment would be futile. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1118 (9th Cir. 2013) ("As a general rule, [d]ismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment." (quotation omitted)).

### C.  Civil Conspiracy

HGV argues this claim fails because conspiracy must involve at least two people or entities, and it is the only named defendant.  HGV also contends that the allegations in this count refer only to nonparties Sparks Police Department and LVMPD.  HGV asserts that the complaint does not plausibly allege HGV took concerted action with LVMPD or Sparks Police Department to accomplish an unlawful objective.  Warren responds that HGV's attorney "has already

testified to the truthfulness of the facts pled by [Warren] in her complaint concerning the conspiracy between one or more law enforcement agencies and HGV." ECF No. 27 at 2.

To state a civil conspiracy claim under Nevada law, a plaintiff must allege that "two or more persons [undertook] some concerted action with the intent to commit an unlawful objective, not necessarily a tort." *Cadle Co. v. Woods & Erickson, LLP*, 345 P.3d 1049, 1052 (Nev. 2015). In the complaint, the conspiracy claim is aimed at the Sparks Police Department and LVMPD. ECF No. 1-3 at 26. It does not mention HGV. Even viewing the complaint as a whole, it does not plausibly allege HGV conspired with anyone or what unlawful objective HGV and its co-conspirators had. Conclusory allegations that HGV employees spoke to law enforcement, without any factual content about those conversations, do not plausibly allege a conspiracy. As for HGV's attorney supposedly admitting a conspiracy, the complaint alleges only that "HGV's attorney admitted that law enforcement had been up to the building to discuss" Warren. ECF No. 1-3 at 21. That LVMPD had been at HGV to discuss Warren is insufficient to allege a conspiracy without plausible factual allegations about what those discussions entailed. I therefore dismiss this claim, with leave to amend if facts exist to do so.

**D. ADA and Rehabilitation Act**

HGV contends that the ADA claim fails because Warren did not exhaust administrative remedies prior to filing suit. HGV argues that the Rehabilitation Act claim fails because the complaint does not allege that HGV receives federal funds. Alternatively, HGV argues that both claims fail because Warren has not plausibly alleged that she is disabled or that HGV took an adverse employment action against her.

Warren responds that she has plausibly alleged disability because she provided doctor's notes to HGV human resources and management on several occasions, and when she left work

on ADA leave, HGV received her medical records. She contends that her worker's compensation payments have been delayed.

### 1. Rehabilitation Act

Section 504 of the Rehabilitation Act "prohibits disability discrimination by recipients of federal funds." *Payan v. Los Angeles Cmty. Coll. Dist.*, 11 F.4th 729, 737 (9th Cir. 2021) (citing 29 U.S.C. § 794). Warren does not respond to HGV's argument that she has not alleged it receives federal funds. She therefore consents to dismissal of this claim. LR 7-2(d). Moreover, the complaint does not allege HGV receives federal funds, so I dismiss this claim, with leave to amend if facts exist to do so.

### 2. ADA

To pursue a disability discrimination claim under the ADA, the complainant must exhaust her administrative remedies under 42 U.S.C. § 2000e–5. 42 U.S.C. § 12117(a); *Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1244 (9th Cir. 2010). In her response to the motion to dismiss, Warren does not dispute that she has not exhausted her administrative remedies. The complaint alleges that Warren filed an EEOC complaint against HGV on August 7, 2023 (even though her complaint was filed before then on May 2, 2023). ECF No. 1-3 at 10. She does not identify on what basis she alleged discrimination in her EEOC complaint, and she did not attach to her compliant a right to sue letter. Because Warren implausibly alleged that she filed a discrimination charge on a date in the future, she has not alleged that she exhausted her administrative remedies. She also does not allege that her EEOC charge was based on disability discrimination. I therefore dismiss this claim. However, because it is not clear that amendment would be futile, I grant leave to amend if facts exist to do so. If Warren chooses to amend, she

has leave to add allegations supporting her claim that she is disabled and that HGV took an adverse action against her, if facts exist to do so.

### E. Fourteenth Amendment

HGV argues that Warren's equal protection claim under the Fourteenth Amendment fails because HGV does not act under color of law. HGV contends that to the extent Warren is asserting HGV conspired with Sparks Police Department and LVMPD, those allegations are implausible and conclusory. Warren did not respond to this argument. She therefore consents to the granting of this portion of the motion. ECF No. 7-2(d). Additionally, Warren does not plausibly allege that HGV acted under color of law as required to state a claim under 42 U.S.C. § 1983 for an equal protection violation. *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). To the extent Warren contends HGV conspired with state actors like the Sparks Police Department and LVMPD, there are no plausible, nonconclusory allegations of a conspiracy to violate Warren's equal protection rights. I therefore dismiss this claim, with leave to amend if facts exist to do so.

### F. NRS § 41.1395

HGV argues that Warren's claim under NRS § 41.1395 should be dismissed because it is not an independent cause of action. Alternatively, HGV contends that the complaint does not allege it abused or exploited Warren as those terms are defined this statute. Warren responds that she is a vulnerable person and she suffered injury related to her state law tort claims.

NRS § 41.1395(1) allows for double damages against a person who causes personal injury to a vulnerable person through "abuse or neglect," or who causes a loss of money or property through "exploitation." A vulnerable person means "a person who (1) "[h]as a physical or mental impairment that substantially limits one or more of the major life activities of the

person; and (2) [h]as a medical or psychological record of the impairment or is otherwise regarded as having the impairment." *Id.* § 41.1395(4)(e). The statute defines abuse as the "willful and unjustified . . . [i]nfliction of pain, injury or mental anguish; or . . . [d]eprivation of food, shelter, clothing or services which are necessary to maintain the physical or mental health of . . . a vulnerable person." *Id.* § 41.1395(4)(a). Neglect is defined as "the failure of a person who has assumed legal responsibility or a contractual obligation for caring for . . . a vulnerable person, or who has voluntarily assumed responsibility for such a person's care, to provide food, shelter, clothing or services within the scope of the person's responsibility or obligation, which are necessary to maintain the physical or mental health of the . . . vulnerable person." *Id.* § 41.1395(4)(c). "Exploitation means any act taken by a person who has the trust and confidence of . . . a vulnerable person or any use of the power of attorney or guardianship of . . . or a vulnerable person to" convert that person's money, assets, or property or obtain it through deception, intimidation, or undue influence. *Id.* § 41.1395(4)(b).

NRS § 41.1395(1) does not constitute an independent cause of action but rather is a provision for special damages. *Doe v. Clark Cnty. Sch. Dist.*, No. 2:15-cv-00793-APG-GWF, 2016 WL 4432683, at *13 (D. Nev. Aug. 18, 2016). Consequently, to the extent the complaint asserts this as an independent basis for recovery, I dismiss it. Additionally, because I have dismissed all other claims, there is no basis for enhanced damages under this statute. However, I have granted Warren leave to amend, so I grant her leave to amend to allege additional facts supporting her requested relief of enhanced damages under this statute, if facts exist to do so. Special damages must be pleaded. Fed. R. Civ. P. 9(g). Consequently, Warren must plead her request for enhanced damages in the amended complaint, although she should do so as a request for relief and not as an independent claim.

### G. Amendment

To assist Warren, who is pro se, in crafting an amended complaint, I advise her that her amended complaint must contain "(1) a short and plain statement of the grounds for the court's jurisdiction," "(2) a short and plain statement of the claim showing that the pleader is entitled to relief," and "(3) a demand for the relief sought." Fed. R. Civ. P. 8(a). The amended complaint must be a complete document in and of itself and will entirely supersede the original complaint. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court. Warren should support each claim with factual allegations because all complaints "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The amended complaint should set forth the claims in short and plain terms, simply, concisely, and directly. Thus, the amended complaint should not include lengthy discussion of matters that are not relevant to Warren's claims against HGV in this case. I encourage Warren to review HGV's motion to dismiss in crafting an amended complaint to avoid HGV making similar arguments about alleged infirmities in an amended complaint.

## VI. CONCLUSION

I THEREFORE ORDER that plaintiff Allana Warren's motion for default judgment **(ECF No. 7) is DENIED**.

I FURTHER ORDER that plaintiff Allana' Warren's motions to expedite **(ECF Nos. 31, 52) are DENIED**.

I FURTHER ORDER that defendant Hilton Grand Vacations' motion to strike **(ECF No. 37) is GRANTED. The clerk of court is instructed to strike ECF Nos. 30 and 33.**

I FURTHER ORDER that plaintiff Allana Warren's motion to strike **(ECF No. 46) is DENIED**.

I FURTHER ORDER that defendant Hilton Grand Vacations' motion to dismiss **(ECF No. 5) is GRANTED**.  Plaintiff Allana Warren's negligence claims are dismissed with prejudice.  Plaintiff Allana Warren's other claims are dismissed without prejudice.

I FURTHER ORDER that plaintiff Allana Warren may file an amended complaint by November 22, 2023.  Failure to file an amended complaint by that date will result in a final judgment on her negligence claims, dismissal without prejudice of her other claims, and this case being closed.

DATED this 23rd day of October, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE