# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Allanna Warren,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Hilton Grand Vacations<br><br>　　　　　Defendant. | Case No. 2:23-cv-00988-APG-DJA<br><br>**Order** |

　　　　This is an employment action arising out of Plaintiff's allegations that, while working for Defendant Hilton Grand Vacations, her fellow employees and other third parties stalked her. Plaintiff moves the Court to set an early neutral evaluation (ECF No. 8), for clarification regarding a status report (ECF No. 17), and to disqualify Defendant's counsel (ECF No. 34). Defendant moves to stay discovery.  (ECF No. 43).  The Court denies all four motions.

**I.　　Discussion.**

　　　　*A.　　Plaintiff's motion for an early neutral evaluation.*

　　　　Plaintiff moves the Court to set an early neutral evaluation ("ENE") under Local Rule 16-6. However, the Court has dismissed the only claims that would qualify the action for an ENE: Plaintiff's Americans with Disability Act and Vocational Rehabilitation Act claims.  (ECF No. 55 at 8-10).  While Plaintiff has appealed this decision and has until November 22, 2023 to file an amended complaint, at this stage there are no claims that would qualify the case for an ENE.  The Court thus denies Plaintiff's motion without prejudice.

　　　　*B.　　Plaintiff's motion for clarification.*

　　　　Plaintiff's motion asks the Court to "clarify it's [sic] expectation of what is required of the upcoming Joint Status Report due July 28, 2023."　(ECF No. 17).  However, Plaintiff filed her own status report (ECF No. 16) and a reply in support of that status report (ECF No. 29).

Because Plaintiff has already filed her status report, the Court denies Plaintiff's motion for clarification as moot.

### C. Plaintiff's motion to disqualify Defendant's counsel.

Plaintiff moves to disqualify Defendant's counsel, arguing that Defendant's counsel is representing another entity Plaintiff is suing in another case. (ECF No. 34). Plaintiff asserts that this is a conflict of interest. However, Plaintiff lacks standing to seek disqualification on these grounds. *See De Dios v. International Realty & Investments*, 641 F.3d 1071, 1077 (9th Cir. 2011); *see Hernandez v. Guglielmo*, 796 F.Supp.2d 1285, 1290 (D. Nev. July 8, 2011) ("[w]here the attorney's alleged ethical violation involves a conflict of interest, the general rule is that only current and former clients have standing to seek disqualification."). The Court thus denies her motion.

### D. Defendant's motion to stay discovery.

Defendant moves to stay discovery pending the outcome of its motion to dismiss. (ECF No. 43). However, the Court granted that motion to dismiss on October 23, 2023. (ECF No. 55). The Court thus denies Defendant's motion to stay as moot.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to set an early neutral evaluation (ECF No. 8) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for clarification (ECF No. 17) is **denied as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to disqualify counsel (ECF No. 34) is **denied.**

**IT IS FURTHER ORDERED** that Defendant's motion to stay discovery (ECF No. 43) is **denied as moot.**

DATED: November 1, 2023

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE