UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Allanna Warren, <br><br> Plaintiff, <br><br> v. <br><br> Hilton Grand Vacations <br><br> Defendant. | Case No. 2:23-cv-00988-APG-DJA <br><br> Order |

Before the Court is Defendant's motion to stay discovery (ECF No. 84) and Plaintiff's motion to recuse the undersigned magistrate judge (ECF No. 92). Because Defendant has shown good cause, the Court grants its motion to stay discovery. Because Plaintiff has not articulated why the undersigned magistrate judge should recuse, the Court denies Plaintiff's motion for recusal.

**I.    Defendant's motion to stay discovery.**

Defendant moves to stay discovery pending the Court's decision on its motion to dismiss arguing that the outcome of the motion to dismiss is likely to be successful and, if not, will shape the scope of discovery. (ECF No. 84 at 2). Defendant adds that Plaintiff's practice of filing repetitive and frivolous documents mean that, should discovery proceed, Defendant will be forced to incur unnecessary expense in addressing Plaintiff's filings. (*Id.*). Plaintiff responds and requests that the Court sanction Defendant's counsel and strike Defendant's "numerous scandalous, immaterial, and redundant pleadings." (ECF No. 89 at 1). Plaintiff accuses the Court of not following the Local Rules, attaches screenshots from conversations with former coworkers, and argues that Defendant has not provided its Federal Rule of Civil Procedure 26 disclosures. (*Id.* at 2-8). Defendant replies that Plaintiff's opposition is unresponsive to Defendant's arguments and demonstrates why a stay is necessary. (ECF No. 95 at 2).

When determining whether to stay discovery, the test this Court applies considers (1) whether the dispositive motion can be decided without further discovery, and (2) whether good cause exists to stay discovery. *Gibson v. MGM Resorts International*, No. 2:23-cv-00140-MMD-DJA, 2023 WL 445572, at *3 (D. Nev. July 11, 2023). Good cause may be established using the preliminary peek test, but it may also be established by other factors not related to the merits of the dispositive motion. *Id.* For example, in many cases, the movant seeks a stay of discovery to prevent "undue burden or expense." *See* Fed. R. Civ. P. 26(c)(1). Accordingly, the movant must establish what undue burden or expense will result from discovery proceeding when a dispositive motion is pending. *Gibson*, 2023 WL 445572, at *3. Ultimately, guided by Fed. R. Civ. P. 1, the Court is trying to determine "whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Tradebay LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). "The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

Here, the Court finds that Defendant has demonstrated good cause to stay discovery. Defendant's motion to dismiss can be decided without further discovery. And Defendant has demonstrated good cause to stay discovery given Plaintiff's repetitive filings, which Defendant has demonstrated have created an undue burden and expense. Indeed, while Plaintiff asserts that Defendant has failed to provide its Federal Rule of Civil Procedure 26 disclosures, it is not clear that Plaintiff has even initiated the scheduling of the conference required by Federal Rule of Civil Procedure 26(f), which conference triggers the disclosures Plaintiff references. *See* Local Rule 26-1(a) ("[t]he pro se plaintiff…must initiate the scheduling of the conference required by Fed. R. Civ. P. 26(f)."). The Court thus finds that it is more just to delay discovery while Defendant's motion to dismiss is pending and grants Defendant's motion to stay discovery.

II.     **Plaintiff's motion to recuse.**

"It is axiomatic that a fair trial in a fair tribunal is a basic requirement of due process." *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 876 (2009) (cleaned up). "Any justice,

judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein[.]" 28 U.S.C. § 144. "The standard for recusal under 28 U.S.C. §§ 144, 455 is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *U.S. v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). While § 144 "provides a procedure for a party to recuse a judge," 28 U.S.C. § 455 "imposes an affirmative duty upon judges to recuse themselves.'" *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).

A party seeking recusal under 28 U.S.C. § 144 must file a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party and set forth the facts and reasons for such belief. If the affidavit is legally sufficient, *i.e.*, "state[s] the facts and reasons for the belief that bias or prejudice exists," the judge at whom the motion is directed must refer the motion to another judge for a determination of its merits. *United States v. Sibla*, 624 F.2d 864, 867–68 (9th Cir. 1980). Where the affidavit is not legally sufficient, the judge at whom the motion is directed may determine the matter. *Id.* "[A] motion properly brought under section 144 will raise a question concerning recusal under section 455(b)(1) as well as section 144." *Id.*

As a preliminary matter, Plaintiff requests that the undersigned[1] "has shown bias and prejudice against PLAINTIFF." (ECF No. 92 at 3). Although Plaintiff does not cite a specific rule or statute in support of her motion, the Court notes that Plaintiff's main argument is based on her contention that the undersigned is biased against Plaintiff. Therefore, the Court interprets Plaintiff's motion to recuse as brought under 28 U.S.C. §§ 144 and 455.

---

[1] Plaintiff also appears to request that the Honorable District Judge Gloria M. Navarro also recuse herself, stating that "Exhibit 1 is another recusal request for Judge Navarro and Magistrate [J]udge Alb[regts]" and later requesting "the recusal of both judicial officers." (ECF No. 92 at 3, 5). But Judge Navarro is not the district judge assigned to this case. Thus, to the extent Plaintiff also seeks to recuse Judge Navarro, that request is denied.

The Court finds that Plaintiff does not articulate why the undersigned should recuse. Plaintiff's claims that the undersigned is biased are unsupported by any evidence, and the alleged evidence in support of Plaintiff's motion is largely based "on the basis of events occurring in the course of the proceedings," which cannot form "a basis for a bias or partiality ... except when they display 'a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Brown v. Leachman*, No. 16-cv-07235, 2021 WL 827233, at *3 (N.D. Cal. Mar. 4, 2021) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The undersigned thus declines to recuse from this action.

**IT IS THEREFORE ORDERED** that Defendant's motion to stay discovery (ECF No. 84) is **granted.** In the event this case proceeds after the Court's decision on Defendant's motion to dismiss, the parties shall file a stipulated discovery plan **fourteen days** after the Court's decision.

**IT IS FURTHER ORDERED** that Plaintiff's motion to recuse (ECF No. 92) is **denied.**

DATED: April 1, 2024

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE